**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5131**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

TOMAS CHARLES SCOTT,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Raymond A. Jackson, District Judge.  (4:11-cr-00038-RAJ-TEM-1)

Submitted: July 30, 2012          Decided:  August 21, 2012

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Kealin Marcel Culbreath, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tomas Charles Scott pled guilty to possession of a firearm and ammunition by a convicted felon, see 18 U.S.C. § 922(g)(1) (2006), and was sentenced below the Guidelines range to a term of seventy-two months' imprisonment. Scott appeals his sentence, contending that the district court used an incorrect legal standard to determine that he constructively possessed firearms in addition to the one charged in the indictment, and that the court clearly erred in making enhancements for possession of at least three firearms and possession of a firearm with a large capacity magazine under U.S. Sentencing Guidelines Manual § 2K2.1(a)(3), (b)(1)(A) (2010). We affirm.

Late in the evening on December 31, 2010, in Newport News, Virginia, officers at a police station heard shots being fired and ran outside to see two men running toward an apartment complex. One of the men, later determined to be Tomas Charles Scott, was wearing all black; the other had on a white shirt. Soon after losing sight of the men, the officers saw four people getting out of a car, including the two men they had seen running away.

The passenger in the front of the car was Scott. He had a loaded eight-round magazine in his pocket. In the front passenger area of the car where Scott had been sitting, the

2

police found: (1) a 9mm Taurus model Luger pistol on the side floorboard; (2) an empty but warm to the touch .40 caliber S&W pistol between the seat and the door; and (3) a stolen, loaded .45 caliber H&K pistol on the front passenger side floorboard leaning against a bottle of alcohol. Also recovered from the front passenger side floorboard was a 9mm magazine with a 17-round capacity, seventeen 9mm cartridges, and two empty magazines. In the trunk of the car was a stolen sawed-off shotgun, as well as boxes of buckshot, .45 caliber cartridges, and .40 caliber cartridges. Ten .40 caliber shell casings and a black glove were found on the sidewalk in the area where the gunshots were heard.

After Scott was arrested, he admitted possessing the H&K pistol and stated that he knew the other guns were in the car and that his DNA would probably be found on them. Scott's cell phone contained pictures, taken in December 2010, of both firearms and Scott holding firearms, including some of the guns recovered from the car. A picture dated December 31, 2010, showed the stolen firearms and bottles of alcohol that were in the car. Scott made the following statement: "I like guns, whenever I see one, I hold it. I take pictures of every gun I see." In addition, one of the other persons in the car with Scott reported seeing him with the H&K firearm and seeing him

shoot the .40 caliber firearm, a shotgun, and another gun not found in the car.

Scott had a prior felony conviction for distributing cocaine. He was later charged in federal court with possessing the H&K pistol and the eight-round magazine he had in his pocket. In July 2011, Scott pled guilty and acknowledged most of the above facts in a Stipulated Statement of Facts.

In sentencing Scott, the district court determined, over Scott's objection, that his offense involved the Taurus Luger, a semiautomatic firearm with a large capacity (more than 15 rounds) and that he had constructively possessed three or more firearms, that is, all three firearms found in the front passenger area of the car. USSG § 2K2.1(a)(3), (b)(1)(A). Scott maintained that he had possessed only the H&K pistol he pled guilty to possessing.

On appeal, Scott argues that the district court found, at most, that he had knowledge of the other weapons and was within reach of them, but that such evidence was insufficient to prove constructive possession, even by a preponderance of the evidence.

We review a sentence under a deferential abuse of discretion standard, which includes consideration of both the procedural and substantive reasonableness of the sentence. Gall v. United States, 552 U.S. 38, 41, 51 (2007). Improper

4

calculation of the advisory Guidelines range is a significant procedural error. Id. The sentencing court's interpretation of a Guideline is reviewed de novo. United States v. Montgomery, 262 F.3d 233, 250 (4th Cir. 2001).

"[A] person may have constructive possession over [an item] if he has ownership, dominion, or control over [the item] or the premises or vehicle in which the contraband was concealed." United States v. Herder, 594 F.3d 352, 358 (4th Cir.), cert. denied, 130 S. Ct. 3440 (2010). Moreover, "[c]onstructive possession may be established by either circumstantial or direct evidence[,]" and "a fact finder may properly consider the totality of the circumstances[.]" (Id.) (internal citations omitted).

Contrary to Scott's contention, the district court did not find that mere proximity and knowledge were enough to prove constructive possession. The court found that a person in the car would have constructive possession of any weapon he could reach and control. The court found that Scott had the ability to control the weapons in the front passenger area, thus implicitly finding that he had dominion or control over them, as well as noting that he had previously held them, i.e., controlled them, as proved by the pictures on his cell phone. Thus, Scott's claim that the district court applied the wrong legal standard is without merit.

5

Because the district court applied the correct legal standard and the evidence before the court was sufficient to establish by a preponderance of the evidence that Scott had dominion or control over all three guns in the front passenger area of the car, we conclude that the district court did not clearly err in applying the enhanced base offense level of 22 under § 2K2.1(a)(3) and the 2-level increase under § 2K2.1(b)(1)(A).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED